## WOLLENSAK *v.* REIHER.[1]

### (*Circuit Court, N. D. Illinois.* July 26, 1886.)

1. PATENTS FOR INVENTIONS—TRANSOM AND SKY-LIGHT LIFTERS.
    Letters patent No. 191,088, of May 22, 1877, and No. 196,851, of November 6, 1877, to John F. Wollensak, for sky-light and transom lifters, must, in view of the patent of March 11, 1873, to the same inventor, and the decision in *Wollensak* v. *Reiher*, 115 U. S. 87, S. C. 5 Sup. Ct. Rep. 1132, be limited to their specific devices. They are not foundation or generic patents.

2. SAME—INFRINGEMENT—PATENT No. 226,353.
    Transom lifters, made in accordance with the specifications and drawings of patent No. 226,353, of April 6, 1880, to Frank A. Reiher, infringe the Wollensak patents Nos. 191,088 and 196,851.

3. SAME—NOVELTY.
    Although the Wollensak patents are, to some extent, limited by his older patent, he is entitled to the benefit of the specific devices shown in them, and of their known equivalents.

In Equity.
*Banning & Banning*, for complainant.
*Chas. T. Brown*, for defendant.

BLODGETT, J. This is a suit for an injunction and accounting by reason of the alleged infringement of patent No. 191,088, granted

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

May 22, 1877, to the complainant, and of patent No. 196,851, granted November 6, 1877, to complainant, for sky-light and transom lifters.

The first patent contains three claims, infringement being charged as to the first and second, which are as follows:

"(1) The sliding block, C, carrying the spring locking bolt, *g*, in combination with the fixed guide-bar, B, connecting rod or rods, *h*, and the operating cord or cords, *f*, substantially as described, for the purpose specified. (2) The combination of the operating cord, *f*, with the spring locking bolt, *g*, and the sliding block, C, to which the sash is connected, arranged as described, so that the act of pulling the cord backwards shall disengage the locking bolt from the bar, B, and a continued downward pull upon the same cord shall raise the sash, substantially as described."

Patent No. 196,851, of November 6, 1877, contains but one claim, which is as follows:

"The plate, C, slotted at both ends, and attached to the door-jamb, in connection with the guide or operating rod, E, connected to the lifting arm of the transom, and carrying the lug, *h*, at one end, and the adjustible knob, G, at the other end, substantially as described, for the purpose specified."

The defenses set up are (1) non-infringement; (2) that complainant's patents are void for want of novelty.

It appears from the proof that complainant obtained a patent March 11, 1873, for a transom lifter, and that this patent was reissued and, after its reissue, suit was brought against this same defendant, and the first claim of the reissue held void for want of novelty by Judge DRUMMOND, whose decision was affirmed by the supreme court. 115 U. S. 87; 5 Sup. Ct. Rep. 1132. Owing to this older patent, and the decision upon it, there can be no doubt that complainant's two patents involved in this case must be limited to their specific devices; that is, they are not what we call "foundation" or "generic" patents.

Defendant's infringing device is described in the patent issued to him under date April 6, 1880, and the question in the case is whether transom lifters constructed in accordance with the specifications and drawings of defendant's patent infringe either one or both of complainant's patents. The elements of patent No. 191,088 seem to me to be—*First*, a long stationary guide, provided with holes and notches to receive a spring locking bolt; *second*, a spring locking bolt adapted to fit into the holes or notches in the long stationary guide, and thus to lock automatically the transom at different degrees of openings; *third*, a sliding block or head-piece, carrying a spring bolt up and down the stationary guide, so that such spring bolt can automatically lock the transom at any desired point; and, *fourth*, means for disengaging the locking device, and opening and shutting the transom with one hand, and without changing the hold.

The elements in patent No. 196,851 seem to me to be—*First*, a long, slotted stationary plate, attached to the door-jamb, and serving to guide the lifting rod; *second*, a lug, on the upper end of the lifting

rod, extending outwards through the slot and plate, whereby the guiding of the lifting rod is effected, and the attachment to the lifting arm is made; *third*, resting or placing the weight of the transom, which would otherwise bend the lifting rod, against the slotted plate, by means of the pin placed transversely through the lug immediately on the outside of the plate; and, *fourth*, the knob or handle on the lower end of the lifting rod which serves the double purpose of unlocking the device when turned partly around, and of raising or lowering the transom when moving up and down in the slotted plate.

An examination of the defendant's device, as shown in his patent, and in model No. 3 in the testimony, seems to me to show an application and use of the elements of complainant's two patents as charged in the bill, or substantially all of them. It has the fixed guide attached to the window casing, the sliding block traveling in the slot, the spring-lock, locking bolt, and rod connecting the sliding rod with the transom window or sky-light, so that the window or sky-light will be opened or closed by the movement of the block.

It is true that Reiher uses a rod to operate the spring locking bolt, while the plaintiff's locking bolt in the first-named patent is operated by a cord; but it is very evident that defendant's rod is the equivalent of the cord as used by complainant. The use of the rod instead of a cord dispenses with the pulley shown in complainant's device, but defendant's rod performs the same function, and no other, that is performed by the cord. It is true that the defendant's lock is made by causing a pin upon the guiding rod to engage, when the rod is turned, with a notch arranged for that purpose; but this change in the locking device is merely colorable, as it seems to me. In fact, without going into details, it is sufficient to say that I find, and I think the testimony in the case both for the complainant and defendant fully justifies me in so finding, that the defendant's patent embodies substantially the elements of both the complainant's patents, and may be said to be a combination of the essential elements of both patents in one device. I therefore have no difficulty in finding that the defendant infringes upon the complainant's patents.

The only question left is whether the complainant's patents are void for want of novelty. As already stated, I think both these patents are to some extent limited by the complainant's older patents; but this limitation does not prevent the complainant having the benefit of the specific devices shown in the two patents now in suit; and in the use of those devices, or of known equivalents for them, performing the same function, and doing substantially the same work done by the corresponding parts in the complainant's patent, he should be protected. I am therefore of the opinion that the defense of want of novelty is not sustained, and that the plaintiff is entitled to an accounting, and an injunction.